LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

RAFAT ODEH and JOHN DOE,
*on behalf of themselves, FLSA Collective Plaintiffs and the Class,*

        Plaintiffs,

    v.

PRESTIGE DELI AND GROCERY CORP.
    d/b/a FRESH LINE DELI,
ULTIMATE STATE DELI CORP.
    d/b/a STATE STREET GOURMET DELI,
YASIF ELMULAKI and
ABDUL RAHMAN ELMULAKI,

        Defendants.

Case No:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

---

Plaintiffs, RAFAT ODEH and JOHN DOE ("Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendants, PRESTIGE DELI AND GROCERY CORP. d/b/a FRESH LINE DELI, ULTIMATE STATE DELI CORP. d/b/a STATE STREET GOURMET DELI (together the "Corporate Defendants"), YASIF ELMULAKI and ABDUL

1

RAHMAN ELMULAKI (together the "Individual Defendants," and collectively with the Corporate Defendants, the "Defendants") and state as follows:

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) unpaid wages due to time-shaving, (4) liquidated damages and (5) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) unpaid wages due to time-shaving, (4) unpaid "spread of hours" premium, (5) statutory penalties, (6) liquidated damages and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, RAFAT ODEH, is a resident of Kings County, New York.

6. The Defendants operate two delicatessens with addresses and trade names as follows:

   a. PRESTIGE DELI AND GROCERY CORP. – 1492 Fulton Street, Brooklyn, NY 11216 ("Fresh Line Deli"); and

b. ULTIMATE STATE DELI CORP. – 25 3rd Avenue, Brooklyn, NY 11217

("State Street Gourmet Deli")

(collectively, the "Delicatessens").

7. The Delicatessens operate as a single integrated enterprise. Specifically, the Delicatessens are engaged in related activities, share common ownership and have a common business purpose. The Delicatessens are commonly owned and operated by the Individual Defendants, YASIF ELMULAKI and ABDUL RAHMAN ELMULAKI. Supplies and employees are interchangeable among the Delicatessens on an as-needed basis. Defendants implement the same employment policies and practices across all Delicatessens.

8. Corporate Defendants:

(a) PRESTIGE DELI AND GROCERY CORP. is a domestic business corporation organized under the laws of the State of New York with a principal place of business and an address for service of process located at 1492 Fulton Street, Brooklyn, NY 11216.

(b) ULTIMATE STATE DELI CORP. is a domestic business corporation organized under the laws of the State of New York with a principal place of business and an address for service of process located at 25 3rd Avenue, Brooklyn, NY 11217.

9. Individual Defendants:

(a) Upon information and belief, YASIF ELMULAKI is an owner of the Corporate Defendants. YASIF ELMULAKI exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. He exercises the power to fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class at each of the Delicatessens. At all times, employees

could complain to YASIF ELMULAKI directly regarding any of the terms of their employment, and YASIF ELMULAKI would have the authority to effect any changes to the quality and terms of the employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

(b) Upon information and belief, ABDUL RAHMAN ELMULAKI is an owner of the Corporate Defendants. ABDUL RAHMAN ELMULAKI exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. He exercises the power to fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class at each of the Delicatessens. At all times, employees could complain to ABDUL RAHMAN ELMULAKI directly regarding any of the terms of their employment, and ABDUL RAHMAN ELMULAKI would have the authority to effect any changes to the quality and terms of the employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

10. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members were directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including, but not limited to deliman, delivery persons, cashiers, stock persons, general helpers, counter persons, cooks, food preparers and dishwashers) employed by Defendants on or after the date that is six years before

4

the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them (i) the proper minimum wage; and (ii) overtime compensation at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek; and (iii) the unpaid wages due to time-shaving. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15. Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons (including, but not limited to, deliman, delivery persons, cashiers, stock persons, general helpers, counter persons, cooks, food preparers and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are

determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

18. Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of (i) failing to pay the proper minimum wage, (ii) failing to pay overtime compensation for hours worked in excess of 40 per workweek, (iii) failing to pay for off-the-clock wages due to time shaving, (iv) failing to pay "spread of hours" premium and (v) failing to provide proper wage notice and wage statements to employees. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced

and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect

retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

    b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

    c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work;

    d) Whether Defendants properly notified Plaintiffs and the Class members of their hourly rate and overtime rate;

    e) Whether Defendants provided to Plaintiffs and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the New York Labor Law;

    f) Whether Defendants provided to Plaintiffs and Class members proper wage statements with each payment of wages as required by New York Labor Law;

    g) Whether Defendants paid Plaintiffs and Class members the federal and state minimum wage for all hours worked;

    h) Whether Defendants properly compensated Plaintiffs and Class members for overtime under state and federal law;

    i) Weather Defendants properly compensated Plaintiffs and Class members for off-the-clock works under state and federal law; and

    j) Whether Defendants paid the "spread of hours" premium owed to employees working more than ten hours per day as required by New York Labor Law.

## STATEMENT OF FACTS

23.    In or around October 2016, Plaintiff RAFAT ODEH was hired by Defendants to work as a deliman for Defendants' delicatessen located at 1492 Fulton Street, Brooklyn, NY 11216 ("Fresh Line Deli"). Plaintiff RAFAT ODEH is currently employed by Defendants.

24.    Throughout his employment, Plaintiff has regularly worked in excess of forty (40) hours per workweek. Throughout his employment, Plaintiff has regularly worked over ten (10) hours per workday.

25.    Throughout Plaintiff RAFAT ODEH's employment with Defendants, his regular work schedule has been as follows: from 7:00 p.m. to 7:00 a.m. next day, for seven (7) days per week, for a total of eighty-four (84) hours per week, without any lunch break. However, during his employment, Plaintiff has frequently worked approximately one (1) to two (2) hours past his scheduled end time, and he has never been compensated for such hours. This is because Plaintiff is not allowed to leave until the next deliman comes in (usually at 8:00 a.m. or 9:00 a.m.) to begin his shift. Throughout their employment, Plaintiff RAFAT ODEH has never been required to clock in or out. Other FLSA Collective Plaintiffs and Class members have worked similar schedules, and they were also forced to work past their scheduled hours.

26. Throughout his entire employment, Plaintiff RAFAT ODEH has received, in cash, a straight-time rate of $10.00 per hour for all hours worked. Other FLSA Collective Plaintiffs and Class members have similarly received their compensation on a straight-time basis.

27. At all relevant times, Defendants paid Plaintiffs, FLSA Collective Plaintiffs and Class members at hourly rates below the standard minimum wage rate.

28. At all relevant times, Plaintiffs, FLSA Collective Plaintiffs and Class members regularly worked over forty hours per week, but Defendants never paid them overtime compensation at the rate of one and one-half times the regular rate of pay, in violation of the FLSA and NYLL.

29. At all relevant times, Defendants failed to pay Plaintiffs, FLSA Collective Plaintiffs and Class for all hours worked due to a policy of time-shaving, in violation of the FLSA and NYLL.

30. Although Plaintiffs and Class members had workdays that regularly exceeded 10 hours in length, Defendants never paid them the "spread of hours" premium as required by NYLL.

31. At no time during the relevant time periods did Defendants provide Plaintiffs or Class members with proper wage notices or wage statements as required by NYLL. Defendants failed to provide Plaintiffs and Class members with paystubs to reflect their hours worked or hourly rate.

32. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFFS AND FLSA COLLECTIVE PLAINTIFFS

33.  Plaintiffs reallege and reaver Paragraphs 1 through 32 of this class and collective action Complaint as if fully set forth herein.

34.  At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

35.  At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

36.  At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

37.  At all relevant times, the Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiffs and FLSA Collective Plaintiffs for their hours worked.

38.  At all relevant times, the Defendants also engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

39.  At all relevant times, Defendants also engaged in a policy and practice of refusing to pay Plaintiffs and FLSA Collective Plaintiffs for all hours worked due to time-shaving.

40.  Plaintiffs are in possession of certain records concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and

FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiffs intend to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

41. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

42. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

43. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid overtime wages and unpaid off-the-clock wages plus an equal amount as liquidated damages.

44. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFFS AND CLASS MEMBERS

45. Plaintiffs reallege and reaver Paragraphs 1 through 44 of this class and collective action Complaint as if fully set forth herein.

46. At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

47. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay

them minimum wages in the lawful amount for hours worked.

48. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

49. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them "spread of hour" premium for each workday worked in excess of 10 hours.

50. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them for all hours worked due to a policy of time-shaving.

51. Defendants failed to properly notify Plaintiffs and Class members of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

52. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay the "spread of hours" premium required by state law.

53. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

54. Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

55. Due to the Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid overtime, unpaid minimum wage, unpaid spread-of-hours premium, unpaid off-the-clock wages, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e. An award of unpaid spread-of-hours premium due under the New York Labor Law;

f. An award of unpaid compensation due to a policy of time-shaving;

g. An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage and compensation for all hours worked, pursuant to 29 U.S.C. § 216;

i. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wage, compensation for all hours worked and spread-of-hours premium pursuant to the New York Labor Law;

j. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

k. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

l. Designation of this action as a class action pursuant to F.R.C.P. 23;

m. Designation of Plaintiffs as Representatives of Class; and

n. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: September 11, 2017

                Respectfully submitted,

                LEE LITIGATION GROUP, PLLC
                C.K. Lee (CL 4086)
                Anne Seelig (AS 3976)
                30 East 39th Street, Second Floor
                New York, NY 10016
                Tel.: 212-465-1188
                Fax: 212-465-1181
                *Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

By:   */s/ C.K. Lee*
        C.K. Lee, Esq. (CL 4086)